```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

BUFFALO STATE ALUMNI ASSOCIATION,
INC., BUFFALO STATE COLLEGE
FOUNDATION HOUSING CORPORATION,
LPCIMINELLI, INC., and
LPCIMINELLI CONSTRUCTION CORP.,

**DECISION and ORDER**
**No. 1:14-cv-383(MAT)(JJM)**

Plaintiffs,

-vs-

THE CINCINNATI INSURANCE COMPANY,
ACADIA INSURANCE COMPANY,
SELECTIVE WAY INSURANCE COMPANY,
and HUBER CONSTRUCTION, INC.,

Defendants.

**INTRODUCTION**

This matter is before the Court upon the Report and Recommendation (Dkt #56), dated November 4, 2014, issued by United States Magistrate Judge Jeremiah J. McCarthy ("the R&R"). The R&R recommended (1) granting the motion (Dkt #16) of Buffalo State Alumni Association, Inc., Buffalo State College Foundation Housing Corporation, LPCiminelli, Inc., and LPCiminelli Construction Corp.[1] (collectively, "Plaintiffs") to remand the action to State of New York, Supreme Court, County of Erie due to lack of diversity jurisdiction; and (2) denying the motion (Dkt #39) of defendant Acadia Insurance Company ("Acadia") for realignment of the parties in order to preserve diversity.

---

[1]

LPCiminelli, Inc. and LPCiminelli Construction Corp. are collectively referred to as "LPCiminelli."

Defendant The Cincinnati Insurance Company ("Cincinnati") filed objections (Dkt #57-2) to the R&R, as well as a reply (Dkt #62) in response to Plaintiff's response (Dkt #60) to Cincinnati's objections. Huber Construction Company ("Huber") filed a letter (Dkt #61) indicating that it was not filing any pleadings in regard to the R&R. Defendant Acadia and defendant Selective Way Insurance Company ("Selective Way") filed affirmations (Dkt ##58, 63) joining in Cincinnati's objections to the R&R.[2] The matter was transferred (Dkt #64) to the undersigned on May 1, 2017.

The Court assumes the parties' familiarity with Judge McCarthy's R&R and the fairly complex factual background of the instant proceeding. For the reasons discussed herein, the Court adopts Judge McCarthy's recommendations that realignment of the parties be denied, and that this matter be remanded to state court.

## STANDARD OF REVIEW

To preserve a claim for review by the district court, the party must make sufficiently specific objections to the R&R. E.g., Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citing FED. R. CIV. P. 72(b), Advisory Comm. Notes (when a party

---

[2] Acadia, Selective Way, and Cincinnati are collectively referred to herein as the "Defendant Insurers."

makes no objection, or only general objections to a portion of an R&R, the district judge reviews it for clear error or manifest injustice); further citation omitted). When timely objection has been made to a portion or portions of a magistrate judge's report, the district judge must "make a de novo determination" of "any portion of the . . . disposition to which specific written objection has been made. . . ." FED. R. CIV. P. 72(b). The district judge may then accept, reject or modify, in whole or in part, the magistrate judge's proposed findings and recommendations. 28 U.S.C. § 636(b)(1).

### DISCUSSION

The R&R recommended granting the remand motion for the following reasons: (1) realigning Huber from being a defendant to a plaintiff is improper because Huber and LPCiminelli have divergent interests (see R&R, pp. 4-5); (2) Huber is a proper party, and even if it were not a proper party, the fraudulent joinder doctrine is inapplicable to this removed action (see R&R, p. 5); (3) the statutory language of 28 U.S.C. § 1447(e) renders it inapplicable to amendments as a matter of course under FED. R. CIV. P. 15(a)(1), since Cincinnati added Huber pursuant to its right to amend as a matter of course (see R&R, pp., 8, 10); (4) notions of fundamental fairness were not offended by LPCiminelli's addition of Huber, notwithstanding the effect of Huber's joinder on diversity of citizenship (see R&R, p. 11); (5) FED. R. CIV. P. 21 may not be used by the Court to drop Huber as a party so as to restore

diversity jurisdiction because Huber's presence deprives the Court of subject matter jurisdiction to act pursuant to FED. R. CIV. P. 21 (see R&R, pp. 12-13); and (6) Title 28 U.S.C., Section 1447(c) requires immediate remand of the action to state court (see R&R, pp. 12-13). Judge McCarthy reached these conclusions after a scholarly and thorough analysis, and expressly recognized that his position was against the weight of the contrary authority.

Cincinnati has asserted a number of specific objections to the R&R focusing on its disagreement with Judge McCarthy's refusal to follow the authority on which it relies, in particular, the R&R's finding that Section 1447(e) is inapplicable because Huber was added pursuant to Rule 15(a)(1). Primarily, Cincinnati urges this Court to apply 28 U.S.C. § 1447(e) as controlling. Section 1447(e) provides that "[i]f[,] after removal[,] the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the [district] court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Cincinnati faults the R&R for declining to follow Masters v. Erie Ins. Co., 1:13-cv-00694-WMS-HBS (W.D.N.Y. Mar. 31, 2014), which noted that "'every federal court that has considered the issue,' has determined that the 'the discretionary decision called for by § 1447(e) is appropriate *even when [the] plaintiff has amended as a matter of course under Rule 15(a)*.'" Decision and Order (Dkt #28 in 1:13-cv-00694-WMS-HBS) at 2 (quoting McGee v. State Farm Mut. Auto. Ins. Co., 684 F. Supp.2d 258, 261 (E.D.N.Y.

-4-

2009); emphasis in original). According to Cincinnati, due to the R&R's allegedly erroneous conclusion that Section 1447(e) does not apply here, it failed to conduct the "fundamental fairness" inquiry required under that statutory section. Cincinnati contends that if such an analysis were performed, the result would be the dismissal of Huber as a party, the denial of Plaintiffs' motion to remand, and the Court's retention of jurisdiction over this action.

For purposes of resolving the pending motions, the Court has assumed <u>arguendo</u> that the discretionary decision called for by 28 U.S.C. § 1447(e) is appropriate even where, as here, Plaintiffs have amended as a matter of course under FED. R. CIV. P. 15(a)(1). As discussed further below, the endpoint of the Court's Section 1447(e) analysis is same as that reached by Judge McCarthy: remand of this proceeding to state court.

In order to determine whether to permit joinder and remand a case pursuant to 28 U.S.C. § 1447(e), the Court engages in a two-part analysis. <u>See</u>, e.g., <u>Abraham Nat. Foods Corp. v. Mt. Vernon Fire Ins. Co.</u>, 576 F. Supp.2d 421, 424 (E.D.N.Y. 2008) ("The determination as to whether joinder of non-diverse parties in this situation is proper is based on a two-step showing that 'joinder [is] merely permissible under Rule 20 of the Federal Rules of Civil Procedure, and that the balancing of certain relevant considerations weighs in favor of joinder and its necessarily attendant remand.'") (quoting <u>Gursky v. Northwestern Mut. Life Ins. Co.</u>, 139 F.R.D. 279, 281–82 (E.D.N.Y. 1991); alteration in

original). There is no dispute that joinder of Huber is "permissible" under FED. R. CIV. P. 20(a)(2); indispensability of Huber as a party is not required. See Gursky, 139 F.R.D. at 282 ("Courts in this circuit have comported with Hensgens[ v. Deere & Co., 833 F.2d 1179, 1182 n. 1 (5th Cir. 1987), cert. denied, 493 U.S. 851 (1989)] in holding that additional non-diverse parties need not be indispensable to be joined. The courts in the cases cited have instead required that joinder be merely permissible under Rule 20 of the Federal Rules of Civil Procedure. . . .") (internal citations and footnote omitted). LPCiminelli's claim against Huber is related to the claims made against the defendant insurance companies, and arises out of the same factual circumstances.

The Court accordingly turns to the second step, which requires a "fundamental fairness" analysis in order to "ascertain whether the balancing of certain relevant considerations weighs in favor of joinder and its necessarily attendant remand." Roll On Express, Inc. v. Travelers Indem. Co. of Connecticut, No. 09-CV-213, 2009 WL 1940731, at *1 (E.D.N.Y. July 2, 2009) (citing Abraham, 576 F. Supp.2d at 424-25). In so doing, the Court "must consider the totality of the circumstances and, in particular, must weigh four factors: '(1) any delay, and its reasons, in moving to amend; (2) any resulting prejudice to the defendants; (3) the likelihood of multiple litigations; and (4) the

plaintiff's motivation in moving to amend.'" Id. (quoting Abraham, 576 F. Supp.2d at 425 (citing Gursky, 139 F.R.D. at 282)).

As to the first factor, there was no apparent delay in LPCiminelli's amending of the complaint to add Huber as a party. The motion to amend was made 15 days after Cincinnati filed its answer with affirmative defenses, well within the 21-day period permitted under FED. R. CIV. P. 15(a)(1)(B). This factor weighs in favor of joinder.

With regard to the prejudice factor, the Court notes that this case, albeit several years old, is still in its nascency. See, e.g., Grogan v. Babson Bros. Co. of Illinois, 101 F.R.D. 697, 700 (N.D.N.Y. 1984) ("[G]ranting the motion [to remand] will not prejudice the defendant because both lawsuits are in their infancy."). Indeed, "the potential for additional discovery alone is not sufficient to constitute prejudice[.]" Roll On Express Inc., 2009 WL 1940731, at *4 (citing Gursky, 139 F.R.D. at 283). Here, discovery has not yet even commenced. The Court cannot discern any appreciable prejudice to the parties opposing joinder. See Gursky, 139 F.R.D. at 283 ("[T]he Court fails to see how NML will be prejudiced as a result of the proposed amendment. The need to conduct additional discovery is standard fare when pleadings are amended, and the Court finds nothing prejudicial in having to defend this action in state court.").

With regard to whether Huber's inclusion as a party will potentially help avoid the proliferation of multiple litigations,

Plaintiffs argue that separate trials concerning the issue of whether Huber failed to procure the proper insurance coverage could arise if the Insurer Defendants are successful in defeating coverage. In such case, and absent joinder, LPCiminelli would be required to litigate its claims separately against Huber in state court. Specifically, LPCiminelli notes, if Huber is dismissed from this action, and the case against the Insurers results in a finding that no coverage is owed, there is the possibility that Huber, in a later proceeding, could still assert the argument that it did not violate its duty to procure proper coverage for Plaintiffs, thereby exposing LPCiminelli to a second trial with the possibility of a different result. Huber could be prejudiced by dismissal, as well. Huber argued in support of the remand motion that it would be "significantly prejudiced" if joinder were denied, because

> then [LPCiminelli] would commence yet another action to pursue [its] claim for damages against Huber. Huber would then be forced to appear and defend another action, and to implead Cincinnati to assert its cross-claims against Cincinnati for breach of its obligations to defend and indemnify Huber under the insurance policies.

(Huber's Memorandum of Law (Dkt #35-2) at 11). The Court finds that judicial economy will be furthered by preventing the proliferation of multiple litigations. This factor therefore weighs in favor of joinder. See Gursky, 139 F.R.D. at 283 ("[R]emand of the present action will avoid wasting judicial resources as well as the inherent dangers of inconsistent results, both of which are at risk when parallel state and federal actions proceed simultaneously.");

-8-

Wilson v. Famatex GmbH Fabrik, 726 F. Supp. 950, 952 (S.D.N.Y. 1989) ("If joinder is not permitted, a multiplicity of lawsuits may ensue, resulting in extra expense to the parties, the waste of judicial resources and the possibility of conflicting outcomes in separate proceedings involving common questions of law and fact.").

Finally, the Court turns to the question of motive. Cincinnati urges that LPCiminelli's sole motivation in adding Huber as a party was to destroy diversity and force a remand. LPCiminelli argues that its motion to amend to add Huber as of right was occasioned by the filing of Cincinnati's answer, asserting the affirmative defense that Plaintiffs had not named all of the necessary parties. LPCiminelli indicates that upon further consideration, it recognized the "potential necessity and practical sense of including the claims against Huber" and "elect[ed] to name Huber as an additional defendant, in order to seek complete relief in this case." (Plaintiffs' Memorandum of Law in Response to Cincinnati's Objections (Dkt #60) at 7).

It is true that "[j]oinder is not warranted where a plaintiff seeks to add the non-diverse parties 'solely' to bring about a remand to state court." Roll On Express, Inc., 2009 WL 1940731, at *5 (citing Gursky, 139 F.R.D. at 283). However, "when there is no showing that the plaintiff seeks to join the additional defendants solely to effectuate a remand, the better rule seems to be that 'in the exercise of . . . sound discretion the court may permit a new party to be added, although his citizenship destroys diversity and

requires a remand.'" Shaw v. Munford, 526 F. Supp. 1209, 1213–14 (S.D.N.Y. 1981) (quoting 1A Moore's Federal Practice, ¶0.161(1), at 209 (2d ed. 1981); ellipsis in Shaw; citing Desert Empire Bank v. Insurance Co. of N. Am., 623 F.2d 1371, 1375 (9th Cir. 1980) (plaintiff permitted to join additional defendant whose presence destroyed diversity jurisdiction and necessitated a remand); Soam Corp. v. Trane Co., 506 F. Supp. 302, 308-09 (S.D.N.Y. 1980) (same); Miller v. Davis, 464 F. Supp. 458, 461 (D. D.C. 1978) (same); other citations omitted); accord, e.g., Roll On Express, Inc., 2009 WL 1940731, at *5; Grogan v. Babson Bros. Co., 101 F.R.D. 697, 700 (N.D.N.Y. 1984)). Such is the case here. The Court finds that Plaintiffs' proffered reasons for adding Huber are legitimate, and that Cincinnati has not established, to this Court's satisfaction, that Plaintiffs moved to join Huber, a non-diverse party, "solely" to effectuate a remand to state court.

In summary, this Court's review of the factors used to assess fundamental fairness under 28 U.S.C. § 1447(e) "provides no convincing basis to overcome the general policy in favor of joinder." Abraham, 576 F. Supp.2d at 426.

## CONCLUSION

For the foregoing reasons, the Court adopts the recommendations in the R&R (Dkt #56) that the motion for realignment (Dkt #39) be **denied**, and that the motion for remand (Dkt #16) be **granted.** As discussed above, the Court finds that the joinder of Huber was permissible under FED. R. CIV. P. 20, and that

Huber's joinder does not offend notions of fundamental fairness. Having so decided, this Court is therefore bound by 28 U.S.C. § 1447(e) to conclude that the present action must be remanded to state court. Accordingly, it is hereby

**ORDERED** that the motion for realignment (Dkt #39) is **denied**, and it is further

**ORDERED** that Huber remains as a defendant in this proceeding, and it is further

**ORDERED** that this motion for remand (Dkt #16) is **granted**, and it is further

**ORDERED** that this proceeding is remanded to state court.

The Clerk of Court is directed to close this case.

**SO ORDERED.**

S/Michael A. Telesca

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED: May 4, 2017
Rochester, New York